**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3467-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSEPH VIZCAYA,

     Defendant-Appellant.

_____

Argued October 15, 2025 – Decided December 29, 2025

Before Judges Susswein and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 24-128.

Luke C. Kurzawa argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Michael H. Ross, of counsel; Luke C. Kurzawa and Matthew W. Reisig, on the brief).

Emily M. M. Pirro, Assistant Prosecutor, argued the cause for the respondent (John P. McDonald, Somerset County Prosecutor, attorney; Alyssa N. Biamonte, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Joseph Vizcaya appeals the July 9, 2024 Law Division order affirming, on de novo review, his municipal court conviction for Driving While Intoxicated (DWI) and several related traffic offenses. Defendant was represented by counsel at the municipal court trial and did not testify. He contends the municipal court judge violated his rights by not advising him of the right to testify. After reviewing the record in light of well-settled legal principles, we affirm.

I.

We discern the following facts and procedural history from the record. In April 2023, defendant was stopped while making an illegal U-turn and eventually charged with DWI, N.J.S.A. 39:4-50; careless driving, N.J.S.A. 39:4-97; making an illegal U-turn, N.J.S.A. 39:4-125; and failing to exhibit his driver's license, registration, and insurance card, N.J.S.A. 39:3-29. On December 18, 2023, defendant was tried in municipal court, where he was represented by counsel. The court heard testimony from the arresting officer, the second responding officer, and defendant's expert.

Defendant did not testify in his own defense.  The State does not dispute that the record on appeal contains no evidence that the municipal court judge advised defendant of his right to testify in his own defense.

The court concluded that the evidence showed that defendant was guilty of DWI, making an illegal U-turn, careless driving, and failing to produce his license and registration.  The court sentenced defendant to $1,390 in fines and eight years of license suspension pursuant to N.J.S.A. 39:4-50(a)(3), as this was defendant's third DWI offense.

Defendant appealed the municipal court convictions to the Law Division, and on July 9, 2024, the Law Division judge heard oral argument.  The judge on de novo review affirmed the convictions.  In her written opinion, the Law Division judge determined that the municipal court did not violate defendant's constitutional rights when it failed to inform him of his right to testify, holding:

> Where a defendant is represented by counsel, a court does not have an obligation to advise a defendant of his rights regarding testifying, although it may give such advisements in its discretion.  State v. Savage, 120 NJ. 594, 630 (1990); State v. Bogus, 223 N.J. Super. 409, 426 (App. Div. 1988); State v. Dwyer, 229 N.J. Super. 531, 539 (App. Div. 1989).  Nor does a court have an obligation to explain the consequences of electing to or declining to testify.  Dwyer, 229 N.J. Super. at 539; Bogus, 223 N.J. Super. at 426 ("[W]here a defendant is represented by counsel the trial court does not have a duty to advise defendant of his right not to testify or to

3

explain the consequences that his testimony may produce.").

. . . .

. . . As such, [defendant]'s constitutional rights were not violated when the court did not advise him of his right to testify at trial.

This appeal follows. Defendant raises the following contention for our consideration:

> DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO TESTIFY IN HIS OWN DEFENSE DURING HIS 3RD OFFENSE DWI TRIAL IN MUNICIPAL COURT. THIS CONSTITUTIONAL IMPERATIVE IS AN INHERENT PART OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS GUARANTEED BY BOTH THE FEDERAL AND NEW JERSEY STATE CONSTITUTIONS.

II.

When a defendant appeals a municipal court conviction, a Law Division judge conducts a de novo trial on the municipal court record. R. 3:23-8(a)(2). On appeal, we owe no deference to either the Law Division or municipal court judge with respect to legal determinations. State v. Handy, 206 N.J. 39, 45 (2011) ("[A]ppellate review of legal determinations is plenary.") (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). Here, defendant raises a pure question of law: whether a municipal

4

court judge has a constitutional obligation to advise a represented defendant of their right to testify. Our standard of review is therefore de novo.

As the Law Division correctly recognized, the law is well settled that a trial court has no obligation to inform a defendant represented by counsel of the right to testify. Savage, 120 N.J. at 630 ("[W]e hold that when a defendant is represented by counsel, the trial court is not required to inform defendant of his right to testify or explain the consequences of that choice."); accord State v. Bogus, 223 N.J. Super. 409, 426 (App. Div. 1988); State v. Ball, 381 N.J. Super. 545, 556 (App. Div. 2005) (recognizing that, while it would be "the better practice" to do so, a court is not obligated to advise a represented defendant of their right to testify) (quoting Savage, 120 N.J. at 631); State v. Cusumano, 369 N.J. Super. 305, 314 (App. Div. 2004).[1] Cf. State v. Dwyer, 229 N.J. Super. 531, 539-40 (App. Div. 1989) (holding that self-represented defendants must be advised by the trial judge of their right not to testify).

---

[1] Federal courts are in accord. See United States v. Rodriguez-Aparicio, 888 F.3d 189, 193-94 (5th Cir. 2018) (recognizing that "[a]n overwhelming majority of the circuits have held that a district court generally has no duty to explain . . . [the] right to testify or to verify that the defendant . . . has waived the right voluntarily" and that "virtually all" of the exceptions to this rule involve self-represented defendants or manifest conflicts between the defendant and their counsel) (collecting cases) (citations omitted).

We are unpersuaded by defendant's reliance on Rule 7:14-1(a), which requires municipal court judges to give an opening statement "concerning court procedures and rights of defendants." Defendant appears to suggest that the rule in Savage is abrogated because a NJCourts.gov model opening statement for in-person criminal and traffic municipal court sessions includes, in its sample language, an advisement that the defendant may testify at their trial. However, Rule 7:14-1 has never been interpreted to require a municipal court judge to advise a defendant represented by counsel of their right to testify, and we decline to embrace any such principle. As explained in Ball, while "the better practice" is to advise represented defendants of that right, 381 N.J. Super. at 556, a court is not obligated to do so. The model opening statement defendant relies on reflects that better practice but does not create a constitutional mandate or afford a basis to overturn defendant's DWI conviction, which is amply supported by the trial proofs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

6